Filed 9/8/22 P. v. Gutierrez CA5
Opinion following rehearing

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHNNY GABRIEL GUTIERREZ,<br><br>    Defendant and Appellant. | F081666<br><br>(Tulare Super. Ct.<br>No. VCF160215B)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County. Gary L. Paden, Judge.

Karriem Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Craig S. Meyers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Detjen, J. and Peña, J.

# **INTRODUCTION**

This case marks appellant Johnny Gabriel Gutierrez's third appeal, which is the result of the failure of appellant (or the trial court) to inform this court that the primary issue raised in his second appeal was appropriately addressed while that appeal was pending – thus obviating the necessity for appellate review. Nonetheless, we deem it important to illustrate the factual and procedural path that brings us to this point. Hopefully, this will serve as a cautionary tale in the hope that similar miscues will not occur in future cases to avoid the waste of judicial resources.

Appellant's case began in 2005, when he was convicted of two counts of assault by means of force likely to produce great bodily injury, with enhancements for the infliction of great bodily injury and committing the offenses for the benefit of a criminal street gang. In 2007, he was sentenced to the second strike term of 27 years. In 2008, this court affirmed the judgment on direct appeal.

In 2017, appellant filed a postjudgment motion alleging that he was improperly sentenced for both the great bodily injury and gang enhancements. The superior court summarily denied the motion, and appellant filed a notice of appeal. In this second appeal, appellant's appointed counsel raised one issue – that both the great bodily injury and gang enhancements could not be imposed to his conviction.

While his second appeal was pending, however, the California Department of Corrections and Rehabilitation (CDCR) advised the superior court about the same sentencing error involving the two enhancements. In September 2018, the superior court held a hearing with appellant's trial counsel present, corrected the error, and modified his sentence to 26 years eight months. Unfortunately, none of the interested parties advised this court (or apparently his appointed appellate counsel) that the identical issue briefed and pending on appeal had been resolved. In December 2018, this court filed the opinion in appellant's second appeal, agreed that both enhancements were improperly imposed, vacated his sentence, and remanded for correction of the sentencing error.

2.

In 2020, the superior court held another hearing on remand as a result of the second appeal, decided there were no further errors to address, and denied appellant's motion to conduct another resentencing hearing. Appellant filed the instant appeal from that hearing, which is his third appeal.

In the initial briefing, the People argued this third appeal must be dismissed because the sentencing error on the enhancement was already corrected and appellant failed to raise any cognizable issues arising from the 2020 hearing. Appellant asserted he raised cognizable issues, the superior court should have conducted another resentencing hearing in 2020, and the matter must again be remanded for various reasons.

On June 22, 2022, we filed the opinion in this third appeal, and denied the People's motion to dismiss. We found appellant's current appellate contentions were cognizable, but meritless, and affirmed his convictions and sentence. We also addressed the procedural errors that led to this unfortunate waste of judicial resources. However, we were compelled to again remand the matter for the superior court to correct and file another abstract of judgment.

Thereafter, appellant filed a petition for rehearing challenging certain aspects of this court's opinion; he also raised two new sentencing issues for the first time, even though those issues were cognizable when this third appeal was pending. After requesting responsive briefing, we granted the petition.

We again affirm appellant's convictions but vacate the sentence and remand for the court to correct the abstract and to also address the two new sentencing issues in the interests of judicial economy.

## FACTS[1]

On February 25, 2006, H.J. and his friend, J.O., attended a birthday party for H.J.'s nine-year-old nephew. The party was held at the home of Maria J. (Maria), H.J.'s

---

[1] After providing notice to the parties, who have not objected, we take judicial notice of the records and nonpublished opinions in appellant's prior appeals, *People v.*

3.

sister, that was located in the territory of a regional subset of the Norteño gang called the Varrios Farmas Catorce (VFC.) The VFC identify themselves with the color red. J.O. wore a blue checkered shirt to the party. J.O. testified that he was not a member of the Norteño's rival gang, the Sureños, but was aware that the Sureños identify with the color blue.

While eating in his sister's open-door garage with J.O. and three or four other friends, H.J. noticed a grown man with a red handkerchief wrapped around his hand. This man went in and out of a neighbor's house while talking on a telephone and looking toward Maria's house. After this man talked on the phone, 10 to 12 more men arrived in front of the neighbor's house. Maria saw one man at this house and then saw more men slowly start to arrive. The men had red rags, and they were drinking and looking toward her house. She knew the red rags signified the Norteños because red is "all over the place" in Farmersville.

At around 7:15 p.m., J.O. stepped out of the garage and toward the driveway to answer a cell phone call. H.J. went into the house to change. J.O. testified that just as he went out to answer the phone, he was attacked. He fell to the ground and "covered up" until the attack stopped. When H.J. came out of the house, he saw about four males kicking and hitting J.O., who was in a fetal position. H.J. recognized one of the assailants as Michael Herrera. Farmersville Police Officer Mosqueda identified Herrera as a known member of the VFC, who had been seen associating with appellant numerous times.

H.J. pulled one of the assailants off of J.O., turned halfway around, and was struck in the head by an iron folding chair. H.J. fainted.

Maria testified that around 7:15 p.m., one of H.J.'s friends came into the house and said, " 'Call the police, they are fighting, they are fighting.' " When Maria went outside, she saw a group of about 10 men fighting. They were all wearing red, which

*Gutierrez* (July 22, 2008, F052787) and *People v. Gutierrez* (Dec. 17. 2018, F075773), from which we take the facts and procedural history leading to the instant appeal.

4.

indicated they were Norteños. Four men were attacking J.O. with their feet and hands. Maria saw appellant Gutierrez, James Sanchez, and a third assailant attacking H.J., who was on the floor and bleeding. The two other assailants ran off.

Appellant remained, and he continued to attack H.J. Appellant kicked and stomped on H.J.'s head. Maria recognized appellant because he used to associate with another one of her brothers and come by her family's home. She knew he was a Norteño. She noticed appellant had a red bandana.

Maria saw appellant stomp on H.J.'s head about three times. She yelled at appellant, addressed him by name, and asked what he was doing. Appellant looked at her with an apparent expression of shock, stopped stomping on H.J.'s head, and fled.

The next day, Farmersville Police Officer McGuire went to appellant's house and found him standing in the front yard with a large group of northern gang members, including James Sanchez. McGuire knew these two men from a previous arrest in 2005 for spray painting gang indicia on a Minute-Mart wall. McGuire arrested appellant and Sanchez for their alleged involvement in the incident the night before. McGuire confiscated appellant's red shoelaces, a red bandana folded in his right front pocket, and a red baseball cap with Norteño gang symbols in the inside label. McGuire confiscated Sanchez's red shoelaces, baseball cap with a Norteño gang symbol embroidered on the front, and a belt with "F" engraved on the buckle standing for "Farmas," a short way of saying VFC.

Maria positively identified appellant in a photographic lineup as the man who attacked her brother.

At trial, Detective Sanchez, a gang expert, testified concerning the VFC gang. He opined that VFC is a criminal street gang, and that in his expert opinion, the charged offenses against appellant were committed in association with and for the benefit of the VFC gang.

Appellant testified that he is a VFC member, views anybody in a rival gang as an enemy, and associates with James Sanchez. However, he denied assaulting H.J. for gang-related reasons. The night of the incident, appellant was "drunk, relaxed, [and] swaggering a little bit," and walked around for 45 minutes, trying to find a party. He heard yelling at Maria's house, walked around the block again, and then saw a physical fight at the residence. He jogged over, not knowing it was Maria's house, because he thought one of his friends might be involved in the altercation. Appellant was hit, started hitting the closest person to him, whom he assumed had hit him, but never kicked or stomped anyone. Appellant denied that any of his gang members were there or that he fought to promote the gang effort.

## PROCEDURAL BACKGROUND

On May 2, 2006, an information was filed in the Superior Court of Tulare County, case No. VCF160215B, charging appellant with count 1, assault by means of force likely to produce great bodily injury on H.J. (former Pen. Code, § 245, subd. (a)(1)),[2] with enhancements for personal infliction of great bodily injury (§ 12022.7, subd. (a)); and that offense was committed for the benefit of a criminal street gang pursuant to section 186.22, subdivision (b)(1)(A); with another gang enhancement alleged under section 186.22, subdivision (b)(1)(C) based on appellant's commission of count 1, defined as a violent felony.[3]

In count 2, appellant was charged with assault by means of force likely to produce great bodily injury on J.O., with a gang enhancement alleged under section 186.22, subdivision(b)(1)(A). It was also alleged that appellant had one prior serious felony enhancement (§ 667, subd. (a)(1)) and one prior strike conviction.

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

[3] Section 186.22, subdivision (b)(1)(C) provides for an enhancement of 10 years if the defendant commits an offense for the benefit of a criminal street gang, and the underlying offense is a violent felony within the meaning of section 667.5, subdivision (c).

6.

**Convictions**

On November 27, 2006, appellant's jury trial began. Appellant was represented by Albert Garcia as his defense attorney.

On November 29, 2006, appellant was convicted of counts 1 and 2. The jury found true the great bodily injury enhancement as to count 1, and the gang enhancements for both counts. The court found the prior conviction allegations true.

**Sentencing Hearing**

On March 29, 2007, Judge Couillard, who presided over the jury trial, conducted the sentencing hearing. Appellant was again represented by Mr. Garcia.

Mr. Garcia argued appellant's convictions were based on a fight that did not result in any long term injuries, no weapons were involved, and the court should impose concurrent terms.

The prosecutor replied that appellant and his associates crashed a child's birthday party, and appellant stomped on one victim's head while another victim was unconscious on the ground. Appellant had a lengthy record beginning in 1995, he committed the offenses three weeks after he had been released from custody, and he was on a suspended prison sentence on another gang case. The prosecutor argued the court should imposed a total term of 28 years eight months.

The court denied probation because appellant had a prior strike conviction and imposed an aggregate second strike term of 27 years, and imposed consecutive terms instead of defense counsel's request for concurrent terms. In case No. VCF160215B, the court imposed the midterm of three years for count 1, doubled to six years as the second strike term; plus consecutive terms of five years for the prior serious felony enhancement, three years for the section 12022.7 great bodily injury enhancement, and 10 years for the section 186.22, subdivision (b)(1)(C) enhancement. As to count 2, the court found it constituted a separate and distinct act on a different victim and imposed a consecutive

sentence of two years (one-third the midterm), plus one year (one-third the midterm) for the section 186.22, subdivision (b)(1)(A) gang enhancement.

The court also sentenced appellant for violating probation in case No. VCF151780, to a midterm of two years for count 1, vandalism over $400 (§ 594, subd. (a)), plus three years for the attached gang enhancement (§ 186.22, subd. (b)(1)(A)), both concurrent to the principal term in case No. VCF160215B.

**Abstract of Judgment**

On April 4, 2007, the abstract of judgment was filed that stated appellant's sentence with one error – that the consecutive five-year prior serious felony conviction enhancement was imposed pursuant to section "1170.12" instead of section 667, subdivision (a)(1).

**Appellant's Direct Appeal**

On May 3, 2007, appellant filed a notice of appeal from his convictions and sentence. (*People v. Gutierrez*, *supra*, F052787.)

On July 22, 2008, this court affirmed appellant's convictions and rejected his contention that the gang enhancements were not supported by substantial evidence. We noted the abstract contained a clerical error about the prior serious felony enhancement and directed the trial court to prepare an amended abstract of judgment to show that the five-year enhancement was imposed under section 667, subdivision (a)(1). (*People v. Gutierrez*, *supra*, F052787.)

On September 30, 2008, the California Supreme Court denied appellant's petition for review, and this court issued the remittitur. (*People v. Gutierrez*, *supra*, F052787.)

*First Amended Abstract of Judgment*

On October 15, 2008, the superior court filed the corrected and first amended abstract of judgment to show the consecutive enhancement of five years was imposed pursuant to section 667, subdivision (a)(1).

8.

## APPELLANT'S POSTJUDGMENT PETITION FOR MODIFICATION

On April 7, 2017, appellant, acting in pro. per., filed a petition in the superior court "for modification of sentence and to correct illegal enhancements." (*People v. Gutierrez*, *supra*, F075773.) Appellant raised several sentencing issues, including that he was improperly sentenced for both the great bodily injury and gang enhancements, and he should receive a youthful offender parole hearing. Appellant requested the superior court recall the matter for "corrective resentencing" and "a possible immediate release on state parole."

On May 1, 2017, Judge Paden summarily denied appellant's petition without appointing counsel, holding a hearing, or making findings.

### Appellant's Second Appeal

On June 2, 2017, appellant, again acting in pro. per., filed a notice of appeal in the superior court from the denial of his petition on May 1, 2017 (*People v. Gutierrez*, *supra*, F075773).

### Appellant's Briefing in his Second Appeal

On July 7, 2017, this court appointed Karriem Baker as appellate counsel in appellant's second appeal, *People v. Gutierrez*, *supra*, F075773.

On September 11, 2017, Mr. Baker filed appellant's opening brief with this court, raising no issues and requesting review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). A copy of the brief was served on the superior court and the district attorney's office. On May 14, 2018, this court granted Mr. Baker's request to strike the previous *Wende* brief and file a supplemental brief.

On June 15, 2018, Mr. Baker filed a supplemental opening brief that raised one issue – that the superior court improperly imposed both the great bodily injury and the gang enhancements as to count 1, and the great bodily injury enhancement was legally unauthorized based on *People v. Gonzalez* (2009) 178 Cal.App.4th 1325 and section 1170.1, subdivision (g). According to the proof of service, a copy of this brief was

9.

served on the superior court; Mr. Garcia, appellant's trial attorney; and the district attorney's office.

On September 12, 2018, the People filed the respondent's brief with this court, and agreed appellant's sentence was legally unauthorized and subject to correction pursuant to section 1170.1, subdivision (g) and *Gonzalez.* The People's brief was served on the superior court and the district attorney's office.

## RESENTENCING WHILE SECOND APPEAL WAS PENDING

While appellant's second appeal in case No. F075773 was pending before this court, there were further sentencing proceedings held in appellant's case in superior court. As will be explained, this court was not advised about these proceedings.

**First Letter from CDCR**

On or about December 16, 2017, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the superior court and requested recall and correction of appellant's sentence. This letter is mentioned but is not contained in the instant appellate record.

On April 17, 2018, Judge Alldredge convened a hearing in response to CDCR's letter. According to the reporter's transcript, Mr. Garcia, appellant's trial counsel, again represented appellant and waived his presence. The court stated that it had to correct the abstract of judgment to show that the gang enhancement imposed as to count 1 was based on section 186.22, subdivision (b)(1)(C). The parties agreed.

### *Second Amended Abstract of Judgment*

On April 18, 2018, the court filed the second amended abstract of judgment, correctly stating the gang enhancement of 10 years imposed as to count 1 was based on section 186.22, subdivision (b)(1)(C), and the concurrent term for the gang enhancement for count 2 was based on subdivision (b)(1)(A). However, it erroneously stated the five-year term for the prior serious felony enhancement was based on section "667(5)(1)."

10.

This amended abstract was not filed with or sent to this court, even though the superior court, Mr. Garcia, and the district attorney's office were aware the second appeal was pending.

**Second Letter from CDCR**

On August 2, 2018, while appellant's second appeal was still pending before this court, the CDCR filed another letter with the superior court, stating that it was providing authority for the court to recall and resentence appellant pursuant to section 1170, subdivision (d). This letter is included in the instant appellate record.

CDCR's letter advised the superior court that as to count 1, assault with force likely to inflict great bodily injury (former § 245, subd. (a)(1)), it could not have imposed both the great bodily injury enhancement under section 12022.7, and the gang enhancement under section 186.22, subdivision (b)(1)(C) based on the holding of *Gonzalez* "because both sentence enhancements were based on the great bodily injury [appellant] caused while committing the underlying offense." CDCR requested the superior court resentence appellant accordingly.[4]

CDCR's letter raised the identical sentencing error that Mr. Baker had raised in his supplemental brief filed in appellant's pending appeal two months earlier.

### *Hearings on CDCR's Second Letter*

On August 27, 2018, the superior court held a hearing as a result of CDCR's letter. Mr. Garcia, appellant's trial counsel, again represented him. The minute order stated appellant was in custody in state prison. The court placed the matter on calendar for September 7, 2018, to consider CDCR's second letter. Mr. Garcia did not request appellant's presence or a transportation order to bring him from state prison to appear at the scheduled hearing.

---

[4] As will be discussed below, the superior court had authority under then-section 1170, subdivision (d) to recall and resentence appellant while his second appeal was pending.

On September 7, 2018, Judge Kalashian convened a hearing on CDCR's second letter. Mr. Garcia, defense counsel, was again present. The minute order states appellant was represented by his attorney; the amended abstract of judgment states appellant was not present. There is no mention in the reporter's transcript about appellant's absence.

According to the reporter's transcript, the court asked the parties how to resolve CDCR's letter about resentencing on the enhancements. Mr. Garcia stated the court had to strike the section 12022.7 great bodily injury enhancement of three years and reduce appellant's aggregate sentence from 27 years to 24 years.

Mr. Clare, the prosecutor, agreed the great bodily injury enhancement had to be stricken. Mr. Clare further argued the court could resentence appellant and still impose an aggregate term of 27 years by modifying the sentence on count 1 from the midterm to the upper term.

The court assumed the trial judge intended to impose an aggregate term of 27 years and asked the prosecutor how it could resentence appellant. The prosecutor suggested imposition of an aggregate term of 26 years eight months based on the upper term for count 1, plus eight months for the vandalism conviction in the second case. The court agreed.

### *Third Amended Abstract of Judgment*

On September 24, 2018, the court filed a third amended abstract of judgment showing that appellant was resentenced to an aggregate term of 26 years eight months as follows: in case No. VCF160215B, the upper term of four years, doubled to eight years, for count 1, assault with force likely to inflict great bodily injury; with consecutive terms of five years for the prior serious felony enhancement and 10 years for the gang enhancement under section 186.22, subdivision (b)(1)(C); the section 12022.7 great bodily injury enhancement was ordered stricken. The court imposed consecutive terms of two years for count 2, plus one year for the attached gang enhancement (one-third the midterms, doubled). In case No. VCF151780, the court imposed a consecutive term of

12.

eight months (one-third the midterm) for count 1, vandalism over $400, and stayed the attached gang enhancement.[5]

This amended abstract was not filed with or served upon this court even though the superior court and the district attorney's office were aware the second appeal was pending since they had been served with appellant's supplemental brief in June 2018 that raised the identical sentencing error based on *Gonzalez* and the enhancements.

In addition, Mr. Garcia also received appellant's supplemental opening brief in June 2018, raising the identical sentencing error that was corrected. There is no evidence in the record that Mr. Garcia alerted Mr. Baker, appellant's appellate counsel, that the error had been corrected, and Mr. Baker did not file any additional pleadings with this court in the pending appeal in F075773. There is no evidence Mr. Garcia advised this court the sentencing error had been resolved, attempted to file a notice of appeal from the court's resentencing decision of September 7, 2018, or sought to join this issue with the pending appeal in F075773.

## THIS COURT'S OPINION IN THE SECOND APPEAL

On December 17, 2018, this court filed its nonpublished opinion in appellant's second appeal, *People v. Gutierrez*, *supra*, F075773. After an extensive review of section 1170.1, subdivision (g), as interpreted by *People v. Le* (2015) 61 Cal.4th 416 and *Gonzalez,* we agreed that appellant could not be sentenced for both the great bodily injury and gang enhancements attached to his conviction in count 1, assault by means of force likely to produce great bodily injury, and the matter had to be remanded for resentencing.

The appellate record before this court only contained the first amended abstract of judgment filed after remand from appellant's first appeal. We noted there were additional errors in that abstract that transposed the statutory basis for the gang enhancements attached to counts 1 and 2.

---

[5] The abstract again erroneously stated the five-year enhancement was imposed pursuant to section "667(5)(1)."

13.

We further noted that appellant's petition for resentencing, filed in pro. per., and the underlying basis for his second appeal, "also asserted he was entitled to 'a "youthful offender parole hearing" ' under *Miller v. Alabama* (2012) 567 U.S. 460 and Senate Bills 260 and 261, which added section 3051. On remand, appellant may raise the issue of whether he qualifies for a hearing pursuant to section 3051. We express no opinion on the merits of such a claim."

This court's disposition stated, "Appellant's sentence is vacated, and the matter is remanded for resentencing pursuant to section 1170.1, subdivision (g). On remand, the court must correct the abstract of judgment to reflect that the gang enhancement for count 2 was imposed pursuant to section 186.22, subdivision (b)(1)(A). In all other respects, the judgment is affirmed."

On February 19, 2019, remittitur was issued.

**Documents Belatedly Filed with This Court**

On February 25, 2019, within one week of the remittitur being issued and after this court lost jurisdiction, the superior court finally filed with this court the minute order and third amended abstract of judgment for the resentencing hearing held on September 7, 2018, showing the *Gonzalez* sentencing error was corrected, the great bodily injury enhancement stricken, and that appellant was resentenced to 26 years eight months. These documents had not been previously filed with this court.

### PROCEEDINGS ON THE SECOND REMAND

The instant appeal is based on the proceedings that occurred after this court's second appellate opinion was filed that vacated appellant's sentence and remanded the matter.

On or about June 8, 2020, the superior court received a letter from Michael Cross, identified as appellant's trial counsel, asking about the status of appellant's case after the remand from the second appeal. Mr. Cross stated the September 7, 2018, minute order showed that appellant had been resentenced, but this court filed an appellate opinion on

14.

the same issue on December 17, 2019. Mr. Cross asked the superior court if there were any further hearings scheduled as a result of that appeal.

On June 24, 2020, the superior court ordered the instant case placed on calendar for a hearing on July 17, 2020, in light of this court's opinion in the second appeal vacating the sentence.

**Appellant's Sentencing Briefs**

On July 16, 2020, Mr. Cross filed a brief with the superior court in anticipation of the scheduled hearing, summarized the procedural history of the case, and stated that this court's opinion in the second appeal vacated the sentence and remanded the matter for correction of his sentence.

Mr. Cross acknowledged that appellant was already resentenced on the enhancements at the September 7, 2018 hearing, but argued the superior court should vacate the entirety of the sentence imposed on that date because appellant was not notified or personally present for that hearing.

Mr. Cross further argued that at the resentencing hearing on September 7, 2018, the superior court should have "followed the order of the appellate court" to strike the great bodily injury enhancement and simply reduce his sentence by three years, instead of imposing the upper term for count 1.[6]

Mr. Cross requested the court conduct another sentencing hearing where appellant would be present, and the court could reconsider the entirety of his sentence, including whether to dismiss the section 667, subdivision (a)(1) prior serious felony conviction enhancement originally imposed at the 2008 sentencing hearing, based on subsequent statutory amendments.

---

[6] Mr. Cross's argument about this court's alleged order is refuted by the undisputed facts. The superior court held the resentencing hearing on September 7, 2018, in response to CDCR's letter about the sentencing error based on *Gonzalez*. This court's opinion in the second appeal was filed in December 2018.

15.

The scheduled July 2020 hearing was continued.

On August 7, 2020, Mr. Cross filed further briefing and, despite his complaints about appellant's absence from the 2018 resentencing hearing, he waived appellant's presence at the upcoming hearing.

Mr. Cross argued this court's opinion in the second appeal vacated appellant's existing sentence, and that included the term imposed at the resentencing hearing on September 7, 2018. Mr. Cross further argued the superior court was only required to strike the great bodily injury enhancement at that hearing, and it now must reimpose the midterm for count 1, so that his aggregate term would be reduced from 27 years to 24 years. Mr. Cross asserted the upper term imposed at the September 7, 2018 resentencing hearing was invalid because appellant did not receive notice of the hearing and did not attend, the court failed to give reasons in support of the upper term, and there was no evidence that the original sentencing court intended to impose an aggregate term of 27 years.

Mr. Cross again argued that at the upcoming hearing, the court was required to reimpose the midterm on count 1 and consider whether to dismiss the prior serious felony conviction enhancement based on subsequent legislative amendments to section 667, subdivision (a)(1) and section 1385, which gave the court discretion to strike the five-year term.

Mr. Cross acknowledged that appellant's pro. per. petition requested a youthful offender parole hearing under *Miller*, and this court declined to address the issue and stated appellant could raise the matter at the hearing on remand. Mr. Cross stated appellant was 25 years old or younger when he committed the offenses, but he was ineligible for youthful offender consideration because of his second strike. Given this background, Mr. Cross argued the superior court should consider a motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to dismiss the prior strike conviction so he would be eligible for a youthful offender hearing.

16.

**The People's Opposition**

On August 27, 2020, the People filed opposition to appellant's sentencing brief. As to the September 7, 2018, resentencing hearing, the People stated that appellant's attorney, Mr. Garcia, received notice of the hearing over a month earlier, but he never requested transportation of appellant from state prison to attend the hearing. The People asserted counsel's failure to do so, and counsel's participation in the resentencing hearing without objection, amounted to waiver of appellant's presence. The People further argued that a resentencing hearing held in a party's absence is subject to a harmless error analysis under *Chapman v. California* (1967) 386 U.S. 18, and appellant failed to show prejudicial error resulting from his absence.

The People stated this court's second appellate opinion did not refer to any of the resentencing hearings held in 2018, and speculated this court was unaware that appellant's sentence had already been corrected. As a result, the People argued the disposition in this court's second appellate opinion, that vacated appellant's sentence and remanded for resentencing, amounted to a "legal nullity" because the errors had already been corrected by the superior court at the September 7, 2018 hearing.

The People further stated the superior court had jurisdiction to recall and resentence appellant and correct the legal errors on September 7, 2018, based on section 1170, subdivision (d), even though appellant's second appeal was pending. Appellant never filed a notice of appeal from the court's resentencing on September 7, 2018, and that sentence was now final and no longer subject to review.

The People concluded: "While it is unfortunate that judicial resources were wasted considering an appeal from a sentence that was no longer in effect, the end result is that the Court of Appeal[']s opinion commands no further action in this case because it ordered a sentence vacated that had already been vacated months prior."

17.

**The Superior Court's Hearing on Remand**

On August 28, 2020, Judge Paden held the hearing on remand after the second appellate opinion. Mr. Cross represented appellant.

The court noted the great bodily injury enhancement was stricken on September 7, 2018. The prosecutor stated the court had jurisdiction to correct the erroneous sentence on September 7, 2018, while the matter was pending on appeal, pursuant to section 1170, subdivision (d), and the court was not required to take any further action since the sentencing error had been corrected.

The court agreed no further action was required, "but somehow it ended up back in front of me. [¶] And I guess it was up on appeal and the Appellate Court didn't realize Judge Kalashian had already done that."

Mr. Cross replied that the court currently had jurisdiction to resentence appellant because the appellate court had vacated the sentence and remanded the matter. He further argued the court imposed an illegal sentence on September 7, 2018, because it conducted that hearing in appellant's absence. Mr. Cross argued the sentence was illegal because the court was only "authorized" to strike the great bodily injury enhancement to reduce appellant's sentence from 27 years to 24 years, but instead it improperly resentenced him to the upper term for count 1 so that his aggregate sentence was 26 years eight months.

Mr. Cross asked the court to reimpose the original sentence with the midterm for count 1, and simply strike the three-year term for the great bodily injury enhancement so that appellant's sentence was reduced from 27 years to 24 years. Mr. Cross argued that if the court failed to reimpose the midterm for count 1, it had to explain why it was imposing the upper term or the matter would again be appealed.

Mr. Cross also asked the court to exercise its discretion to dismiss the prior serious felony enhancement of five years, based on subsequent amendments to section 667,

subdivision (a) and section 1385 that occurred after appellant's original sentencing hearing in 2008.

Finally, Mr. Cross asked the court to dismiss the prior strike conviction pursuant to *Romero*, so appellant would be eligible for a youthful offender parole hearing "because that is something that the Appellate Court sent back here to consider." Mr. Cross argued the appellate court remanded the matter "for more than one reason," and the court had jurisdiction to consider appellant for a youthful offender parole hearing by dismissing the prior strike conviction.

The prosecutor replied that appellant was represented by counsel when the court scheduled the September 2018 hearing, but counsel did not ask for a continuance or for a transportation order to bring appellant to the hearing. In addition, a party's absence from a resentencing hearing was subject to a harmless error analysis, and Mr. Cross failed to explain why appellant's absence was prejudicial.

The prosecutor again argued the appellate opinion amounted to a "nullity." "*I don't disagree that the remittitur commands action*. I think I set forth in our brief that the remittitur is a no-order. It is an appeal from a judgment that was no longer in effect at the time that it was rendered. The sentence imposed in 2008 was vacated in September 2018. So the Court of Appeals' order vacating that sentence has no legal effect. You can't reinstate a sentence previously vacated for the sole purpose of then vacating it again. I think it is very clear that the Court of [A]ppeals would not have ordered anything if it had known that we had already dealt with this issue at the Superior Court level."

The prosecutor further stated the appellate opinion noted a clerical error in the abstract, but that error was separately corrected in April 2018. The prosecutor concluded the appellate opinion did not "command[] anything. They are under the mistaken impression that an illegal sentence was in effect, but an illegal sentence was no longer in effect."

**The Court's Ruling**

The court stated the appellate court remanded the matter to strike the great bodily injury enhancement for count 1 and correct the abstract of judgment's error on the statutory basis for the gang enhancement attached to count 2. "Now what happened here is the Appellate Court didn't know that Judge Kalashian had already done that. He had already remedied that issue. When that happened, as far as I'm concerned, the case was done."

The court denied Mr. Cross's motion to resentence appellant to the midterm on count 1, dismiss the prior strike conviction, and dismiss the prior serious felony enhancement. The court noted that Judge Coulliard, who heard the trial, decided to sentence appellant to 27 years, but that sentence was improper because the great bodily injury enhancement could not have been imposed. The court had "no reason to second-guess or play Monday-morning quarterback" as to why Judge Coulliard felt that 27 years was the appropriate sentence since he heard the trial and evidence.

> "*So if I even had the discretion to strike the nickel prior or to strike the strike, I would not do tha*t. I would not exercise that discretion because I would not do that. I would not exercise that discretion because I would defer to Judge Culliard's [*sic*] analysis and what he felt was a fair sentence and handling this matter…. [¶] The way I see it … Judge Culliard [*sic*] had a number he was trying to arrive at. How he got there was totally up to him in maneuvering consecutive sentences versus concurrent sentences. I'm looking more at the number, the final number he was trying to achieve after hearing all the evidence. That's the way I see it." (Italics added.)

The court asked if the abstract had already been corrected, and the prosecutor said yes. The court adjourned the hearing and did not file another abstract of judgment.

On August 31, 2020, Mr. Cross, on appellant's behalf, filed the instant notice of appeal of the "sentence imposed on 8-28-20."

## DISCUSSION

### I.    The Superior Court's Jurisdiction to Resentence While an Appeal is Pending

Before reaching the issues raised by the parties, including the People's motion to dismiss this appeal, we begin with whether the superior court had jurisdiction to correct and/or modify appellant's sentence in 2018 while appellant's second appeal was pending before this court.

#### A.    *Resentencing While an Appeal is Pending*

" 'The filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur.' [Citations.]  The purpose of the rule depriving the trial court of jurisdiction pending appeal ' "is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided.  The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment … by conducting other proceedings that may affect it." ' " (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472 (*Alanis*).)

"Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order affecting it.  [Citations.]  Thus, action by the trial court while an appeal is pending is null and void.  [Citations.]  Indeed, '[s]o complete is this loss of jurisdiction effected by the appeal that even the consent of the parties has been held ineffective to reinvest the trial court with jurisdiction over the subject matter of the appeal and that an order based upon such consent would be a nullity.' " (*Alanis, supra*, 158 Cal.App.4th at pp. 1472–1473.)

There are exceptions to this rule.  "One exception is that, notwithstanding the pendency of an appeal, '[t]he trial court is allowed to vacate a void – but not voidable – judgment.' [Citations.]  However, '[a] judgment is void rather than voidable *only* if the trial court lacked subject matter jurisdiction.' " (*Alanis, supra*, 158 Cal.App.4th at p. 1473.)

Another exception to the general rule is "based on the court's inherent power ' "to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.] The power exists independently of statute and may be exercised in criminal as well as in civil cases. [Citation.] The power is unaffected by the pendency of an appeal or a habeas corpus proceeding. [Citation.] The court may correct such errors on its own motion or upon the application of the parties." [Citation.] Courts may correct clerical errors at any time, and appellate courts … that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts.' " (*Alanis, supra*, 158 Cal.App.4th at pp. 1473–1474.) " 'Changes which correct errors, mistakes and omissions made through inadvertence, but do not involve the exercise of the judicial function, are considered corrections of clerical errors that leave the original judgment intact.' " (*Id*. at p. 1474.)

A third exception is based on former section 1170, subdivision (d), that authorized trial courts to recall and resentence defendants while an appeal was pending.[7] (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210; *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1424; *Alanis, supra*, 158 Cal.App.4th at p. 1475; *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1836.) CDCR used former section 1170, subdivision (d), to bring to the trial court's attention unauthorized sentences in need of correction. (*People v. Williams* (2021) 65 Cal.App.5th 828, 832, 834.)

---

[7] On October 8, 2021, the Governor signed Assembly Bill No. 1540, which took effect on January 1, 2022 (Stats. 2021, ch. 719). Assembly Bill No. 1540 substantially altered the recall and resentencing process, and moved the resentencing provisions in former section 1170, subdivision (d)(1) to a new section 1170.03. (Stats. 2021, ch. 719, § 3.1.) As relevant to this case, section 1170.03 similarly provided that the court may recall and resentence upon the recommendation of certain authorized parties, including the Secretary of CDCR. (§ 1170.03.)

Effective June 30, 2022, section 1170.03 was renumbered section 1172.1, with no change in text (Stats. 2022, ch. 58, § 9).

As explained above, the superior court held a resentencing hearing on September 7, 2018, while appellant's appeal was pending, as a result of CDCR's letter stating that it had jurisdiction to correct appellant's sentence pursuant to then-section 1170, subdivision (d). At that time, then-section 1170, subdivision (d) stated:

" 'When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison or a county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, *or at any time* upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, … *recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if [he or she] had not previously been sentenced*, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and *modify the judgment*, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice. Credit shall be given for time served.' (Stats. 2018, ch. 36, § 18, eff. June 27, 2018, italics added.)" (*People v. Pillsbury* (2021) 69 Cal.App.5th 776, 785.)

As will be further explained below, when a hearing is conducted upon a notice of an illegality in the sentence, the trial court is allowed to reconsider all of its sentencing choices leading to the aggregate term. (*People v. Hill* (1986) 185 Cal.App.3d 831, 834.)

23.

**B.** *Analysis*

The superior court had jurisdiction to file the second and third amended abstracts of judgment in, respectively, April and September 2018, even though appellant's second appeal was pending before this court.

The superior court held the hearing in April 2018 in response to a letter from CDCR and corrected the error in the first amended abstract of judgment that transposed the subdivisions that were the basis for imposing the gang enhancements for counts 1 and 2. The court had jurisdiction to correct the clerical error and file the second amended abstract of judgment even though there was a pending appeal. (*Alanis, supra*, 158 Cal.App.4th at pp. 1473–1474.)

As to the September 7, 2018, resentencing hearing, it was held in response to CDCR's letter to the superior court, expressly advising the court to recall and resentence appellant pursuant to section 1170, subdivision (d), to correct the unauthorized imposition of both the great bodily injury and gang enhancements that were prohibited by *Gonzalez.* The superior court thus had jurisdiction to resentence appellant on September 7, 2018, and file the third amended abstract of judgment, even though appellant's second appeal was pending before this court. (*Alanis, supra*, 158 Cal.App.4th at p. 1475; *People v. McCallum, supra,* 55 Cal.App.5th at p. 210; *Portillo v. Superior Court*, *supra*, 10 Cal.App.4th at p. 1836.)

## II. Failure to Notify This Court About the Second and Third Amended Abstracts

While the superior court had jurisdiction to correct and modify appellant's sentence while his second appeal was pending, there was a complete failure to notify this court about the existence of the second and third amended abstracts of judgment, and the effect of that failure has extended into the instant appeal.

### A. *Duty to Advise the Court About Mootness*

As previously explained, "[t]he purpose of the rule depriving the trial court of jurisdiction pending appeal ' "is to protect the appellate court's jurisdiction by preserving

24.

the status quo until the appeal is decided. The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment … by conducting other proceedings that may affect it." ' " (*Alanis, supra*, 158 Cal.App.4th at p. 1472.)

"As a general rule, an appellate court only decides actual controversies. It is not the function of the appellate court to render opinions ' " ' "upon moot questions or abstract propositions, or … declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " ' [Citation.] '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.' " (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.) "Thus, an ' "action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events." ' [Citations.] Put another way, ' "[a]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief." ' " (*People v. Pipkin* (2018) 27 Cal.App.5th 1146, 1149–1150; *People v. DeLeon* (2017) 3 Cal.5th 640, 645; *People v. Delong* (2002) 101 Cal.App.4th 482, 486.)

A lawyer has a duty to inform the court when an issue he or she has raised might have become moot. (*Guardianship of Melissa W.* (2002) 96 Cal.App.4th 1293, 1300–1301.) "It is the duty of appellants and their counsel promptly to dismiss an appeal once it becomes moot 'and not put respondent, his counsel, and this court to the time and expense of reviewing an appeal that had become moot .…' " (*Id*. at p. 1301.)

## B.    *Analysis*

On April 17, 2018, the superior court convened a hearing in response to CDCR's first letter about a clerical error in the abstract. Mr. Garcia, appellant's trial attorney, was present. The court amended the abstract of judgment to correct the transposition of the statutes under which the gang enhancements were imposed. The superior court filed second amended abstract on April 18, 2018.

25.

Neither the minute order nor the second amended abstract was filed with this court to augment the record in appellant's pending appeal, even though all relevant parties were aware of the pending appeal. This failure, however, did not moot the pending appeal since it only corrected the clerical error in the first amended abstract of judgment

The more problematic issue is what happened – or did not happen – after the superior court again corrected appellant's sentence. After moving to strike his initial *Wende* brief, appellate counsel filed a supplemental brief on June 15, 2018, that raised a single issue in his second appeal – that the superior court improperly imposed both the great bodily injury and gang enhancements as to count 1, in violation of *Gonzalez,* and section 1170.1, subdivision (g). According to the proof of service, a copy of this brief was served on the superior court, Mr. Garcia, and the district attorney's office.

On August 27, 2018, Mr. Garcia was present when the superior court set a hearing to address CDCR's letter about a sentencing error based on the same issue – the erroneous imposition of both the great bodily injury and gang enhancements for count 1. On September 7, 2018, the court held the hearing where it ordered the great bodily injury enhancement stricken because of the sentencing error under *Gonzalez* and modified the sentence from 27 years to 26 years eight months. Mr. Garcia was again present but failed to notify the superior court that the identical issue was pending before this court, and similarly failed to advise this court – or apparently appellant's appointed appellate counsel of record – that the single issue raised in the pending appeal had been corrected by the superior court.

In addition to Mr. Garcia's omissions, the superior court and the district attorney's office were also aware that appellant's second appeal was pending before this court when it resentenced him but failed to augment the appellate record with the minute order and third amended abstract of judgment. Indeed, the superior court failed to advise this court about the resentencing and third amended abstract until one week after remittitur was

26.

issued after the second appeal, and after this court lost jurisdiction to grant rehearing and dismiss the appeal as moot.

After the second appeal, the superior court scheduled a hearing on remand, and the People filed a brief with the superior court in opposition to appellant's motion for another resentencing. The People acknowledged this court's second appellate opinion did not refer to any of the resentencing hearings held in 2018, and speculated this court was unaware that appellant's sentence had already been corrected. The People argued the disposition in this court's second appellate opinion, that vacated appellant's sentence and remanded for resentencing, amounted to a "legal nullity" because the errors had already been corrected by the superior court at the September 7, 2018 hearing, and considered it "unfortunate that judicial resources were wasted considering an appeal from a sentence that was no longer in effect...."

At the August 28, 2020 hearing on remand after the second appeal, the prosecutor again stated the appellate opinion amounted to a "nullity" and the remittitur was "a no-order" because it resulted after an appeal "from a judgment that was no longer in effect at the time that it was rendered.... I think it is very clear that the Court of [A]ppeals would not have ordered anything if it had known that we had already dealt with this issue at the Superior Court level." The prosecutor concluded the appellate opinion did not "command[] anything. They are under the mistaken impression that an illegal sentence was in effect, but an illegal sentence was no longer in effect."

In the midst of these comments, neither the court nor the parties wondered why this court did not know appellant's sentence had already been corrected twice while the second appeal was pending. More importantly, neither the court nor the parties attempted or seemed interested to determine why there were numerous missed opportunities to so advise this court, particularly since the relevant parties had been served with appellant's brief about *Gonzalez* and were aware of the pending appeal raising the identical issue that was corrected in 2018.

27.

Mr. Garcia did not appear on appellant's behalf in the second appeal but had been served with the appellate brief. The record strongly infers that Mr. Garcia failed to inform Mr. Baker, appellant's appointed counsel in the second appeal, that appellant's sentence had been modified twice while the appeal was pending. There is no evidence in the record that Mr. Baker was aware of these modifications or failed to so advise the court during the pendency of the second appeal.

As noted by the United States Supreme Court in a similar situation, "[w]e find it difficult to understand the failure of counsel to fully inform" this court that the only issue pending in the second appeal had been resolved and rendered moot. (*Fusari v. Steinberg* (1975) 419 U.S. 379, 387, fn. 12.) "It is disconcerting to this Court to learn of relevant and important developments in a case" after the second appellate opinion was filed, and in the course of this third appeal. (*Id.* at p. 390, conc. opn. of Burger, J.) "This Court must rely on counsel to present issues fully and fairly, and counsel have a continuing duty to inform the Court of any development which may conceivably affect an outcome." (*Id.* at p. 391.)

As previously noted, we expect this case to serve as a cautionary tale in the hope that similar miscues will not occur in future cases to avoid the waste of judicial resources.

III.    **The People's Motion to Dismiss the Instant Appeal**

While failing to do so in the course of the second appeal, the People have moved for this court to dismiss this third appeal because this is an "old case", appellant's arguments in this appeal are solely based on what happened at the September 7, 2018, resentencing hearing, he never filed a notice of appeal from that hearing even though he was represented by counsel, and his complaints about what happened at that hearing are not cognizable in this appeal.

The People argue that the instant notice of appeal was filed from the superior court's "sentence" purportedly imposed on August 28, 2020, which was the hearing held after remand from the second appeal, but the court did not impose any sentence at that

28.

hearing and instead declined to take any further action since appellant's sentence had already been corrected on September 7, 2018. The People conclude that the court's order on August 28, 2020, that it was not taking any further action in the case, was not an appealable order and the instant appeal must be dismissed.

Appellant argues his ability to file a timely notice of appeal after the September 7, 2018, resentencing hearing was impaired by the superior court's failure to timely advise this court about that hearing and timely file the third amended abstract of judgment.

Section 1237, subdivision (b) states that a defendant may take an appeal from "any order made after judgment, affecting the substantial rights of the party." A defendant has 60 days to file a notice of appeal from such an order, and the order becomes final if he fails to do so. (Cal. Rules of Court, rules 8.104(a), 8.308(a).)

As explained above, the superior court had jurisdiction to conduct the resentencing hearing on September 7, 2018, under the provisions of then-section 1170, subdivision (d), even though an appeal was pending. The instant appeal is a result of what happened after this court filed the opinion in appellant's second appeal, and ordered appellant's sentence vacated and remanded the matter for (1) resentencing under section 1170.1, subdivision (g), *Gonzalez*, and *Le*, because of the error involving the two enhancements; (2) correction of the clerical errors where the subdivisions for the gang enhancements were transposed; and (3) appellant could raise his arguments about a youthful offender parole hearing on remand, without addressing the merits.

After the second appellate opinion was filed and remittitur was issued, appellant's counsel requested the superior court conduct a hearing on remand. The superior court placed the matter on calendar, and held the hearing on August 28, 2020, at which point it acknowledged the sentencing error with the enhancements had been corrected. Appellant's counsel argued the court improperly resentenced appellant on September 7, 2018, without requiring his presence, moved for the court to conduct another resentencing hearing, and asked the court to reinstate the midterm originally imposed for

29.

count 1; the court denied the motion. Appellant's counsel then requested the court exercise its discretion to dismiss the section 667, subdivision (a) enhancement based on subsequently enacted legislation; the court also denied this motion. Finally, appellant raised the issue that this court left open in the second appeal, as to whether he was eligible for a youthful offender parole hearing. Appellant's counsel moved to dismiss the prior strike conviction so he would be eligible; the court denied that motion too. Appellant thereafter filed the instant notice of appeal.

Appellant's current claims about the resentencing hearing on September 7, 2018, are no longer cognizable. Mr. Garcia represented appellant at that hearing and had been served with appellant's brief in the second appeal, but did not attempt to file an augmented record, or alert appointed appellate counsel that the superior court allegedly committed other errors in correcting the enhancements.

As to the other issues raised in this appeal, we find they are cognizable since the superior court denied his motion to dismiss the prior serious felony enhancement and other sentencing issues. We thus deny the People's motion to dismiss the instant appeal as moot.

## IV.    Appellant's Contentions in This Appeal

We turn to the issues raised by appellant in the instant appeal. While his contentions about the court's sentencing decisions on September 7, 2018, have arguably been forfeited, we will nevertheless address these issues to avoid future claims of ineffective assistance because of the failure to perfect the record to raise these issues as part of his pending second appeal.

### A.    *The Superior Court's Decision to Impose the Upper Term*

At the August 28, 2020 hearing on remand after the second appeal, Mr. Cross, appellant's counsel, argued the superior court had to completely resentence appellant because it improperly modified his sentence by imposing the upper term for count 1 after it had dismissed the great bodily injury enhancement. Mr. Cross argued the superior

30.

court only had discretion to dismiss the great bodily injury enhancement and reduce appellant's aggregate term from 27 years to 24 years.

Appellant has not raised this issue in this appeal, and concedes the superior court was "entitled to reconsider [his] entire sentence" when it resentenced him pursuant to former section 1170, subdivision (d) on September 7, 2019.

We again note that when a resentencing hearing is conducted upon a notice of an illegality in the sentence, as provided under former section 1170, subdivision (d), the trial court is not limited to merely striking the illegal component in the sentence. (*People v. Hill*, *supra*, 185 Cal.App.3d at p. 834.) The court is allowed to reconsider all of its sentencing choices because "an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme." (*Ibid*.) Under such circumstances, the court is "entitled to rethink the entire sentence to achieve its original and presumably uncharged goal." (*Ibid*.) The new sentence, however, must not be more severe than the original one. (*People v. Hanson* (2000) 23 Cal.4th 355, 358–360.)

The superior court thus had discretion on September 7, 2018, to impose the upper term for count 1 after it dismissed the great bodily injury enhancement, and the modified aggregate term of 26 years eight months did not exceed the original sentence of 27 years

**B.      *Appellant's Absence from the September 7, 2018 Hearing***

Appellant argues that at the superior court's hearing on remand on August 28, 2020, it should have granted his motion to fully resentence him because he was not notified about or present for the resentencing hearing on September 7, 2018.

Section 977, subdivision (b)(1) requires that defendants in felony cases shall be personally present at the imposition of sentence, and "at all other proceedings" unless this right is waived by a written waiver executed in open court. (*People v. Vong* (1997) 58 Cal.App.4th 1063, 1066, italics omitted; *People v. Yanaga* (2020) 58 Cal.App.5th 619, 625-626.) The violation of a defendant's right to be present at a contested resentencing

31.

hearing is error of federal constitutional dimension and is harmless only if it can be concluded beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding. (*People v. Sims* (2018) 23 Cal.App.5th 987, 998; *Chapman v. California*, *supra*, 386 U.S. at p. 24.)

The superior court conducted the September 7, 2018, resentencing hearing in response to CDCR's letter about the sentencing hearing regarding the enhancements. Prior to that hearing, however, the court convened on August 27, 2018, and stated it would place the matter on calendar to consider CDCR's letter. Mr. Garcia was present at that August 27, 2018 hearing; he had represented appellant both at his trial, and at the resentencing hearing held in April 2018 in response to CDCR's first letter about the clerical error. However, Mr. Garcia did not ask the court to order appellant's transportation from state prison to attend the hearing where it would address CDCR's second letter.

At the September 7, 2018 hearing, Mr. Garcia objected to the court's decision to impose the upper term, but he did not object to appellant's absence from the hearing or, as we previously noted, attempt to notify appellate counsel that alleged errors occurred at that hearing.

In this appeal, appellant acknowledges that his absence from the resentencing hearing of September 7, 2018, is evaluated under the harmless error standard of *Chapman*, but asserts his absence was prejudicial because appellant "did not have an opportunity to personally emphasize any mitigating evidence that would weigh in favor of leniency" when the court resentenced him on that date. Appellant argues that while the superior court "may not have been persuaded by any new evidence or argument and certainly may have imposed the identical sentence, this does not foreclose the possibility beyond a reasonable doubt that the trial court would have exercised its discretion differently" if he had been present at the September 7, 2018 hearing.

Appellant's arguments are undermined by what happened when this case was remanded to the superior court after the second appeal. Appellant was represented by Mr. Cross, who filed two sentencing briefs in anticipation of the scheduled hearing. Mr. Cross argued the superior court should vacate the entirety of the sentence imposed on September 7, 2018, because appellant was not notified or personally present for that hearing, but also waived appellant's presence at the hearing scheduled for August 28, 2020, where the court would address his motions to resentence appellant, reimpose the midterm, and dismiss the prior strike and prior serious felony enhancement. At the August 28, 2020 hearing, Mr. Cross vigorously argued appellant's case for another resentencing, but did not make an offer of proof as to any issues that appellant would have personally raised if he had been present.

We find appellant's absence from the September 7, 2018, resentencing hearing was harmless beyond a reasonable doubt.

## C. *Failure to Dismiss the Prior Strike and Prior Serious Felony Enhancement*

Also in this appeal, appellant argues that when the superior court held the hearing on remand after the second appeal on August 28, 2020, it had jurisdiction to exercise its discretion to dismiss the five-year prior serious felony enhancement previously imposed under section 667, subdivision (a)(1). Appellant asserts the matter must be remanded again so the court can exercise its discretion about the five-year enhancement.

Appellant's arguments are based on Senate Bill No. 1393 (2017–2018 Reg. Sess.), effective on January 1, 2019, when sections 667 and 1385 were amended to remove the prohibitions on striking or dismissing a prior serious felony enhancement. (See Stats. 2018, ch. 1013, §§ 1–2; *People v. Garcia* (2018) 28 Cal.App.5th 961, 971; *People v. Zamora* (2019) 35 Cal.App.5th 200, 208.) "… Senate Bill 1393 applies retroactively to all cases or judgments of conviction in which a five-year term was imposed at sentencing, based on a prior serious felony conviction, *provided the judgment of conviction is not*

*final when Senate Bill 1393 becomes effective on January 1, 2019.*" (*People v. Garcia, supra*, 28 Cal.App.5th at pp. 971–972, italics added.)

As noted above, the court held the September 7, 2018, resentencing hearing in response to CDCR's letter that it had to correct appellant's sentence pursuant to former section 1170, subdivision (d). At the time of the 2018 hearing, there was a split of authority on the issue of the finality of a judgment for purposes of retroactive application of ameliorative changes to the law. (See *People v. McMurray* (2022) 76 Cal.App.5th 1035; *People v. Montes* (2021) 70 Cal.App.5th 35, 47 and cases cited therein.)

Assembly Bill No. 1540, effective on January 1, 2022 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 719) (Assembly Bill 1540), substantially altered the recall and resentencing process, and moved the resentencing provisions in former section 1170, subdivision (d)(1) to a new section 1170.03. (Stats. 2021, ch. 719, § 3.1.) Section 1170.03 requires that when recall and resentencing is initiated on the court's own motion or upon the recommendation of the Secretary, the court "shall ... apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1170.03, subd. (a)(2).) Assembly Bill 1540 clarified "the provision's application to 'ameliorative laws ... that reduce sentences or provide for judicial discretion, regardless of the date of the offense of conviction.' " (*People v. McMurray*, *supra*, 76 Cal.App.5th at p. 1038.)

" '[W]hen the record shows that the trial court proceeded with sentencing on the ... assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing. [Citations.] Defendants are entitled to "sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court," and a court that is unaware of its discretionary authority cannot exercise its informed discretion.' [Citation.] But if ' "the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required." ' " (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)

We find remand would be an idle act even if the superior court believed it did not have discretion at the August 28, 2020 hearing to dismiss the prior serious felony enhancement or even the prior strike conviction. When the court denied appellant's various sentencing motions at that hearing, it stated there was "no reason to second-guess or play Monday-morning quarterback" as to why the trial judge imposed an aggregate term of 27 years at the original sentencing hearing. "*So if I even had the discretion to strike the nickel prior or to strike the strike, I would not do that.* I would not exercise that discretion because I would not do that. I would not exercise that discretion because I would defer to [the trial judge's] analysis and what he felt was a fair sentence and handling this matter."[8] (Italics added.)

We note that at the original sentencing hearing in 2007, the trial judge rejected defense counsel's arguments to impose concurrent terms for his convictions, and instead imposed consecutive sentences for an aggregate term of 27 years. The superior court did not abuse its discretion when it declined to dismiss either the prior serious felony enhancement or prior strike conviction at the August 28, 2020 hearing.[9]

---

[8] In his petition for rehearing, appellant asserts the above analysis was based on "issues that were not anticipated or raised" in the parties' briefing in violation of Government Code section 68081. That statute, however, "does not require us to give the parties the opportunity to brief every statute (or other authority) that we may apply in deciding the issues in their case, so long as the parties have had the opportunity to brief the issues themselves." (*Plumas County Dept. of Child Support Services v. Rodriquez* (2008) 161 Cal.App.4th 1021, 1029, fn. 1.) In addressing the complicated history of this case, and the extent of the trial court's jurisdiction at the 2018 and 2020 hearings, this court analyzed the issues implicated by the People's motion to dismiss and the substantive issues raised in appellant's briefing in this third appeal and did not run afoul of Government Code section 68081.

[9] In his petition for rehearing, appellant argues this conclusion is undermined by *People v. Cepeda* (2021) 70 Cal.App.5th 456 (*Cepeda*). In that case, the defendant entered into a plea agreement in 2018, where he pleaded guilty to carjacking and admitted a prior serious felony conviction and was sentenced to 15 years in prison; the sentence included a five-year term for the section 667, subdivision (a) prior serious felony enhancement as part of the plea agreement. (*Id.* at p. 459.) In 2020, CDCR sent a letter to the trial court for defendant's sentence to be recalled pursuant to former section

35.

## V.     Remand for Refiling the Abstract of Judgment

While appellant's contentions lack merit, we are compelled to again remand this matter.

After the September 7, 2018 resentencing hearing, the court filed the third amended abstract of judgment on September 24, 2018, correctly stating that appellant was resentenced to an aggregate term of 26 years eight months. However, the third amended abstract contains the clerical error that the five-year term for the prior serious felony conviction enhancement was imposed pursuant to section "667(5)(1)" instead of section "667(a)(1)."

---

1170, subdivision (d)(1), noted that his sentence included a five-year enhancement under section 667, subdivision (a), and the trial court now had discretion to consider whether to dismiss this enhancement in light of the amendments resulting from the enactment of Senate Bill No. 1393. (*Id*. at p. 460.) Thereafter, the trial court recalled the sentence and held a hearing but declined to dismiss the prior serious felony enhancement or exercise its discretion. Instead, the court deferred to the original sentence imposed pursuant to the plea agreement. (*Ibid*.)

*Cepeda* held the trial court had jurisdiction to recall and resentence the defendant in response to CDCR's letter under former section 1170, subdivision (d), and decide whether to exercise its discretion to dismiss the prior serious felony enhancement, even though the enhancement was imposed as part of a plea agreement, because former section 1170, subdivision (d)(1) "explicitly provides that resentencing is not constrained by the terms of a plea bargain." (*Cepeda, supra*, 70 Cal.App.5th at p. 470.) *Cepeda* further held that when the trial court simply deferred to the original plea agreement, it abused its discretion by failing to address the issue raised by CDCR's letter to recall and resentence. *Cepeda* remanded the matter for the court to make its own independent ruling without being constrained by the plea agreement. (*Id*. at pp. 460–461.)

*Cepeda* does not assist appellant because in this case, CDCR advised the trial court to recall and resentence appellant pursuant to former section 1170, subdivision (d) on a sentencing error involving the great bodily injury enhancement. In contrast to *Cepeda*, the trial court complied with CDCR's letter, recalled the sentence, and dismissed the great bodily injury enhancement that had been erroneously imposed. CDCR did not advise the trial court to recall and resentence appellant on any other matter. Instead, defense counsel argued the court should have exercised its discretion to dismiss both the prior strike conviction and the enhancement. The court did not believe it was constrained by a plea agreement but declined to do so, and *Cepeda* does not apply to the court's decision not to exercise its discretion.

In addition, there is still an outstanding order from this court's disposition in the second appeal, where we expressly vacated appellant's sentence in its entirety since this court had not been informed his sentence had already been corrected and the third amended abstract filed. When the superior court held the hearing on remand on August 28, 2020, the People asserted this court's disposition was a legal nullity. The superior court determined no further corrections were needed and denied appellant's various motions for resentencing. However, it did not refile the third amended abstract of judgment. As a result, the current record could be read as showing that there was no valid abstract filed in this case dated *after* this court vacated the judgment in December 2018, since there is nothing in the instant record, aside from this appeal, to explain the circumstances surrounding that disposition.

We thus remand the instant matter again to the superior court to correct the clerical error as to the statutory basis for the prior serious felony enhancement, and thereafter file a fourth amended abstract of judgment.

## VI. Remand Pursuant to Senate Bill No. 567 and Assembly Bill No. 124

On July 22, 2022, this court granted appellant's petition for rehearing. We have already addressed two of appellant's contentions and found them meritless.

We now turn to two sentencing issues raised for the first time in his petition for rehearing, even though these issues were cognizable and not addressed while this case was pending on appeal.

Appellant asserts the matter must be remanded for resentencing because the trial court imposed an upper term on a person who was younger than 26 years old when he committed the offenses, the court must reconsider these sentencing decisions based on relevant amendments subsequently enacted by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) (Stats. 2021, ch. 731, §§ 1.3, 2) and Assembly Bill No. 124 (2021–2022 Reg. Sess.) (Assembly Bill 124) (Stats. 2021, ch. 695, §§ 5–6), and the amended statutes apply since this appeal is still not yet final.

37.

## A.    *The Upper Term and Youthful Offenders*

Prior to recent amendments, former section 1170 placed "the choice of the appropriate term … within the sound discretion of the court" (former § 1170, subd. (b)), with no presumption in favor of the lower term for youth offenders.

Effective January 1, 2022, Assembly Bill 124 and Senate Bill 567 amended section 1170 regarding determinate sentencing. (*People v. Jones* (2022) 79 Cal.App.5th 37, 44, fn. 11.) As a result of these amendments, when three possible terms of imprisonment may be imposed for a crime, the trial court may only impose the upper term "when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2); *People v. Lopez* (2022) 78 Cal.App.5th 459, 464.)

These amendments to section 1170 "also created a presumption in favor of a low prison term when a defendant is under 26 years of age at the time of the offense." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038.) As a result of the amendments, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice," the court is required to impose the lower term if one of several factors "was a contributing factor in the commission of the offense[.]" (§ 1170, subd. (b)(6).) These contributing factors include being under 26 years of age at the time of the commission of the offense (§§ 1016.7, subd. (b), 1170, subd. (b)(6)(B)). Section 1170, subdivision (b)(6)(B) does not require imposition of the lower term in every case in which the defendant was under age 26 at the time the crime was committed. Rather, this provision establishes a presumption of the lower term if the defendant's youth was "a contributing factor" in his or her commission of the crime "*unless* the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the

38.

lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6), italics added.)

The amendments enacted by Senate Bill 567 and Assembly Bill 124 apply retroactively to all nonfinal convictions on appeal at the time they became effective. (*People v. Flores*, *supra*, 73 Cal.App.5th at p. 1039; *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1095.)[10]

## B.    *Analysis*

In his petition for rehearing, appellant argues the trial court must conduct another sentencing hearing to consider the amendments enacted by Senate Bill 567 and Assembly Bill 124 because it imposed an upper term at the resentencing hearing in 2018, appellant was 22 years old when he committed the offenses, and the amendments are retroactive since his case is not yet final.

In the responsive briefing to the petition, the People acknowledge these new sentencing laws are retroactive and potentially applicable to appellant's case since it is not final but asserts that he cannot raise new issues in a petition for rehearing because he

---

[10] While appellant relies on Assembly Bill 124, we note that it is not independently operative. "During the 2021–2022 legislative term, three bills proposing changes to section 1170 in a variety of ways were introduced. They were Assembly Bill 124 (Stats. 2021, ch. 695, § 5), Assembly Bill No. 1540 (Stats. 2021, ch. 719, § 2), and Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3). All three bills were passed by the Legislature in September 2021 and approved by the Governor and filed with the Secretary of State on October 8, 2021. Senate Bill No. 567 (2021–2022 Reg. Sess.) bears the highest chapter number and is presumed to be the last of the three approved by the Governor. (Gov. Code, § 9510.) As such, Senate Bill No. 567 (2021–2022 Reg. Sess.) prevails over Assembly Bill 124. (Gov. Code, § 9605, subd. (b).) To the extent there are conflicts between the three bills, Senate Bill No. 567 (2021–2022 Reg. Sess.) takes precedence. (*In re Thierry S.* (1977) 19 Cal.3d 727, 738–739.) As to subdivision (b)(6)(A) of section 1170, however, the substantive language in Assembly Bill No. 124, Senate Bill No. 1540 (2021–2022 Reg. Sess.), and Senate Bill No. 567 (2021–2022 Reg. Sess.) are not in conflict." (*People v. Banner* (2022) 77 Cal.App.5th 226, 243, fn. 2 (conc. & dis. opn. of Detjen, J.); *People v. Flores*, *supra*, 73 Cal.App.5th at p. 1038; *People v. Jones*, *supra*, 79 Cal.App.5th at p. 45, fn. 11.

had six months to raise them in supplemental briefing while this appeal was pending and failed to do so.

While appellant failed to raise these issues while the instant third appeal was pending, and failed to give any reason for this failure, he may address these sentencing matters on remand in the interests of judicial economy and avoid an inevitable claim of ineffective assistance.

In remanding the matter for yet another resentencing hearing, we are hopeful the court and the parties ensure the issues are fully addressed to avoid further complications in a case that should have been final in 2018.

## **DISPOSITION**

Appellant's convictions are affirmed. The matter is remanded for the superior court to address appellant's contentions based on Senate Bill 567 and Assembly Bill 124; and thereafter file an amended and corrected abstract of judgment that also shows the five-year prior serious felony conviction enhancement was imposed pursuant to Penal Code section 667, subdivision "(a)(1)."